IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. KRAMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01659 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION FOR MORE DEFINITE STATEMENT

Under Fed.R.Civ.P. 12(e), the United States respectfully requests that the Court require plaintiff to give a more definite statement. Plaintiff has not provided sufficient detail establishing that he has exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433. Because plaintiff has not provided sufficient detail, the United States is unable to respond to plaintiff's allegations.

The United States respectfully requests that plaintiff be required to amend his complaint a second time to provide sufficient detail to establish that plaintiff has exhausted his administrative remedies and provide plaintiff with sufficient detail to respond to the allegations of the complaint.

A supporting memorandum of law and proposed order are filed with this motion.

//

Date: February 14, 2006.

        Respectfully submitted,

        /s/ Jennifer L. Vozne
        JENNIFER L. VOZNE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P. O. Box 227, Ben Franklin Station
        Washington, D.C.  20044
        Phone/Fax:  (202) 307-6555/514-6866
        Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM H. KRAMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01659 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF UNITED STATES' MOTION
<u>FOR MORE DEFINITE STATEMENT</u>**

The relief plaintiff requests in his complaint is a refund of federal taxes he alleges were illegally or erroneously collected (Compl. ¶ 32), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 33), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶¶ 30, 31). The United States is unable to respond to the allegations in the complaint as the plaintiff has failed to provide sufficient detail as described below.

It is not clear whether the Court has subject-matter jurisdiction over plaintiff's claim for a tax refund. Plaintiff alleges that he has exhausted all administrative remedies (2nd Am. Compl. ¶ 6), yet he does not identify when he filed his claim for refund nor whether he fully paid the federal taxes owed. Plaintiff must file a claim for refund and fully pay the federal taxes owed. Both

are necessary to waive the United States' sovereign immunity.  See United States v. Dalm, 494 U.S. 596, 601-602 (1989) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden to show that sovereign immunity has been waived.  See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  The Secretary of the Treasury has promulgated regulations governing the administrative claim for refund under section 7422.  See 26 C.F.R. § 301.6402-2.  The regulations provide that the claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."  See 26 C.F.R. § 301.6402-2(b)(1).  Any claim "must be verified by a written declaration that it is made under the penalties of perjury."  See id.  Additionally, a separate claim must be made for each type of tax for each taxable year or period.  See 26 C.F.R. § 301.6402-2(d).

    It is equally unclear whether the Court has jurisdiction over plaintiff's claim for damages for alleged violations of 26 U.S.C. § 7433.  Again, plaintiff alleges that he has exhausted all administrative remedies (2nd Am. Compl. ¶ 6), yet he does

not identify when he filed his administrative claim as required by 26 U.S.C. § 7433(d).  The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

   Based upon the foregoing, plaintiff should be required to amend his

complaint to include the following additional information regarding any administrative claim for a refund of taxes:

- Date of administrative claim(s) seeking refund of taxes,
- Identification of tax types and tax years for which plaintiff seeks a refund, and
- Date of the Internal Revenue Service's response to any administrative claim(s) for refund of taxes or statement that no response was received.

Although not necessarily required at the pleading stage, attaching a copy of the administrative claim(s) as exhibit(s) to the second amended complaint would facilitate the pleading process.

Plaintiff should also be required to amend his complaint to include the following information regarding any administrative claim for damages:

- Date of administrative claim(s) seeking damages,
- Grounds for the claim(s),
- Description of the injuries incurred by the plaintiff, and
- Dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable.

And again, attaching a copy of the administrative claim to the second amended complaint would be most efficacious

For the foregoing reasons, the United States respectfully requests that plaintiff be required to amend his complaint to provide additional information establishing the Court's jurisdiction over his claims and sufficient details so that

the United States has notice as to what plaintiff's claims are as required by Fed. R. Civ. P. 8(a).

DATED:   February 13, 2006.

          Respectfully submitted,

          /s/ Jennifer L. Vozne
          JENNIFER L. VOZNE
          Trial Attorney, Tax Division
          U. S. Department of Justice
          P. O. Box 227, Ben Franklin Station
          Washington, DC 20044
          Phone/Fax:  (202) 307-6555/514-6866
          Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney