UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM H. KRAMER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1659  (PLF) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

This matter is before the Court on defendant's motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, filed on February 13, 2006. Plaintiff is proceeding *pro se* in this matter.

The Local Civil Rules of this court state that if a party fails to oppose any motion "[w]ithin 11 days of the date of service or at such other time as the court may direct . . . the court may treat the motion as conceded." LCvR 7(b). That time has passed and plaintiff has filed no response to defendant's motion. The Court accordingly will treat the motion for more definite statement as conceded and grant the motion.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509. Under Rule 12 of the Federal Rules of Civil Procedure, if a party fails to comply with an

Order directing a more definite statement, "the court may strike the pleading to which the motion was directed[.]" FED. R. CIV. P. 12(e). Accordingly, the Court wishes to advise plaintiff that if he fails to comply with this Order by the date specified below, the Court will strike plaintiff's complaint and dismiss his case.

For the reasons stated above, it is hereby

ORDERED that [8] defendant's Motion for a More Definite Statement is GRANTED; and it is

FURTHER ORDERED that, on or before March 27, 2006, plaintiff shall file an Amended Complaint setting forth:

With respect to plaintiff's request for a refund of taxes:

    a.    The date of any administrative claim(s) seeking refund of taxes.

    b.    Identification of tax types and tax years for which plaintiff seeks a refund.

    c.    The date of the Internal Revenue Service's response to any administrative claim(s) for refund of taxes or statement that no response was received.

With respect to plaintiff's request for damages:

    a.    The date of any administrative claim(s) seeking damages.

    b.    The grounds for the claim(s).

    c.    A description of the injuries incurred by the plaintiff.

        d.        The dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable.

        SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 6, 2006

Copies to:

Jennifer L. Vozne
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

William H. Kramer
P.O. Box 1102
Addison, IL 60101

William H. Kramer
c/o 288 W. Fremont
Elmhurst, IL 60126