IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. KRAMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01659 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO PLAINTIFF'S
MOTION TO FILE OUT OF TIME**

This is a civil action in which plaintiff seeks a refund of federal taxes he alleges were illegally or erroneously collected, an order enjoining the Internal Revenue Service from engaging in further collection activity, and unspecified damages for alleged violations of 26 U.S.C. § 7433.

STATEMENT

On August 18, 2005, plaintiff filed the present action. He filed an amended complaint on September 23, 2005. He filed a second amended complaint on October 14, 2005. On February 13, 2006, the United States filed a motion for a more definite statement. The United States asserted that it was not clear whether the Court had subject-matter jurisdiction as plaintiff did not provide sufficient detail establishing that he had exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433. The Court granted the motion and ordered the plaintiff to file an amended complaint on or before March 27, 2006. (See March 6, 2006 Order.) Plaintiff was further ordered to include specific information in his amended complaint. Rather than file an

amended complaint, plaintiff filed a motion to file out of time, with an attachment identified as his "Response to Motion for a More Definite Statement in Lue [sic] of an Amended Complaint" ("Response").  In his response, plaintiff indicates that he is withdrawing his request for a refund of taxes and injunctive relief (Pl. Response at p. 1); asking the Court to invoke its equity jurisdiction (*id.*); and challenging the validity of the regulation requiring a taxpayer to file an administrative claim for damages (*id.*).

Presumably, plaintiff is asking the Court to reconsider its March 6, 2006 order on the grounds that he need not exhaust his administrative remedies as the regulation is invalid or that the court has jurisdiction over his complaint if it invokes equity jurisdiction.  As discussed below, the regulation is valid and equity jurisdiction is inappropriate.1/

THE REGULATION IS VALID

Plaintiff asserts that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim."  (Pl. Opp. at p. 2.) Plaintiff's claim of regulatory invalidity fails for three reasons.

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. §

---

1/ Since plaintiff is no longer seeking a refund or an injunction, this opposition is limited to issues relating to plaintiff's claim for damages.

7433's requirement to "exhaust[] the administrative remedies available," his claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the

enforcement of the Internal Revenue Code.  26 U.S.C. § 7805(a).  It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner.  *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly).  To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose.  *National Muffler Dealers Ass'n*, 440 U.S. at 477.

    The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I).  After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies.  *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994).  In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment.  Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court.  *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

    The language in section 7433(d)(1), as well as the legislative history, makes clear

that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government.  The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted.  To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

      The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433.  Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court.  26 C.F.R. § 301.7433-1(a).  The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim.  26 C.F.R. § 301.7433-1(e).  Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative.  26 C.F.R. § 301.7433-1(e).  Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages.  From this

information, the Service may investigate a taxpayer's claims and make an informed determination. Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

EQUITY JURISDICTION IS INAPPROPRIATE

Plaintiff asks the Court to invoke its equity jurisdiction. Plaintiff seeks damages which "remain today a remedy at law." *Sparrow v. Comm'r*, 949 F.2d 434, 437 (D.C. Cir. 1991) (citing *Curtis v. Loether*, 415 U.S. 189 (1974)). As such, an exercise of equity jurisdiction is inappropriate.2/ *See also Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

CONCLUSION

Plaintiff failed to comply with the Court's order to file an amended complaint to adequately allege that the Court has subject-matter jurisdiction over plaintiff's claims. Presumably, plaintiff's failure to comply with the order is because he cannot assert that he filed an administrative claim in compliance with 26 C.F.R. § 301.7433-1. Because he cannot meet his burden of establishing subject-matter jurisdiction, this action should be

---

2/ Also, if plaintiff attempts to seek equitable relief, he must overcome the Anti-Injunction Act's prohibition. 26 U.S.C. § 7421(a); *see Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

dismissed.

Date: April 21, 2006.

                                              Respectfully submitted,

                                              /s/ Jennifer L. Vozne
                                              JENNIFER L. VOZNE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P. O. Box 227, Ben Franklin Station
                                              Washington, D.C.  20044
                                              Phone/Fax:  (202) 307-6555/514-6866
                                              Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO FILE OUT OF TIME and proposed ORDER were served upon the following individual(s) on April 21, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>William H. Kramer
>P.O. Box 1102
>Addison, IL 60101

>William H. Kramer
>c/o 288 W. Fremont
>Elmhurst, IL 60126

      /s/ Jennifer L. Vozne
      JENNIFER L. VOZNE