IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM H. KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01659 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),
to dismiss plaintiff's second amended complaint.

As grounds for this motion, the United States submits that the Court lacks
subject matter jurisdiction over the second amended complaint.

A memorandum of points and authorities  in support of this motion and a
proposed order are submitted herewith.

DATE: June 6, 2006.                Respectfully submitted,

                                   /s/ Jennifer L. Vozne_____
                                   JENNIFER L. VOZNE
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   Post Office Box 227
                                   Washington, DC  20044
                                   Phone/Fax:  (202) 307-6555/514-6866
                                   Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

1747504.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM H. KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-01659 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1995,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code.  Plaintiff seeks a refund of all taxes paid in, damages for alleged

"wrongful collection," and injunctive relief respecting further federal tax collection

against him.

QUESTION PRESENTED

Plaintiff's complaint seeks a refund of federal taxes, an injunction against further

tax collection, and damages for alleged "wrongful collection" of federal taxes from

plaintiff.  The second amended complaint fails to allege that plaintiff has filed claim(s)

for refund of taxes or claim(s) for damages from "wrongful collection" of taxes.

Plaintiff has failed to allege that he has fully paid the taxes he seeks to have refunded.

Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for

damages, and for injunctive relief against federal tax collection under these

circumstances?

STATEMENT

1.  Introduction & background.  Plaintiff, William Kramer, filed this complaint on August 18, 2005.  He filed an amended complaint on September 23, 2005 and a second amended complaint on October 14, 2005.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1995", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)1/  The United States' moved for a more definite statement.  (PACER # 8.)  The Court granted the motion and required plaintiff to file an amended complaint setting forth specific information identified in the order on or before March 27, 2006.  (March 6, 2006 Order.)  Plaintiff did not file an amended complaint; rather, he filed a document styled as "Response to Motion for More Definite Statement in Lue (sic) of an Amended Complaint."  (PACER # 10.)

2.  Relief sought in the complaint.  The second amended complaint seeks three types of relief.  First, plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 31.)  Second, he requests a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds."  (2d Am. Compl. ¶ 32.)  Last, plaintiff seeks an injunction against "the Internal

_____

1/  Plaintiff's case is one of more than 70 known cases filed in this Court with substantially similar complaints and/or allegations.

1747504.1

Revenue Service, its officers, employees and anyone working or acting in behalf of the

IRS, including any and all U.S. attorneys, employees of the Department of Justice and

judges from engaging in any further collection activity whether civil or criminal until all

claims are fully resolved, and the return of all sums wrongfully collected."  (2d Am.

Compl. ¶ 33.)

## ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

A.    *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claim*

This Court does not have jurisdiction over plaintiff's claim for a tax refund.

Plaintiff makes a conclusory statement that he "exhausted all administrative remedies."

(Compl ¶ 6.)  Plaintiff failed to identify whether he filed a claim for refund as described

in 26 C.F.R. § 301.6402-2.  Plaintiff also failed to allege that he fully paid the federal

taxes for which he seeks a refund.  Both are necessary to waive the United States'

sovereign immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for

refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v.

United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for

a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has

the burden to show that sovereign immunity has been waived.  *See, e.g., Paradyne Corp.

v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v.

Sherwood*, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding

-3-                                                              1747504.1

shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected *** until a claim for refund or credit has been duly filed ***." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction over his tax refund claim. *Dalm*, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶ 33.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

_____Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claims for a refund of federal taxes.2/

B.  *Plaintiff's Request for Injunctive Relief Is Barred by the Anti-injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 33.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise

_____

2/  Plaintiff has also selected an improper venue for a refund suit. Plaintiff resides in Illinois. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiff resides. *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995).

jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim.  *See* 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning with 'tax year' 1995" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

1747504.1

and their entitlement to relief.  Primarily, he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.3/

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn* , 766 F.2d at 598.  In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he requests—by requesting a "collection due process hearing" with the Internal Revenue Service.  *See* 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and *then* file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction.  Accordingly, plaintiff's complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶¶ 7, 31.)  This Court does not have jurisdiction over

---

3/  As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

1747504.1

plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

-7-

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, he simply states, in conclusory fashion, that he "has/have exhausted all administrative remedies ***."  (Compl. ¶ 6.)  Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

CONCLUSION

Because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

1747504.1

DATE: June 6, 2006.                Respectfully submitted,


                                   /s/ Jennifer L. Vozne
                                   JENNIFER L. VOZNE
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   Post Office Box 227
                                   Washington, DC  20044
                                   Phone/Fax:  (202) 307-6555/514-6866
                                   Email: Jennifer.L.Vozne@usdoj.gov


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1747504.1

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

supporting MEMORANDUM, and proposed ORDER were caused to be served upon

plaintiff *pro se* on the 6th day of June, 2006, by depositing a copy in the United States'

mail, postage prepaid, addressed as follows:

William H. Kramer
P.O. Box 1102
Addison, IL 60101

William H. Kramer
c/o 288 W. Fremont
Elmhurst, IL 60126

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1747504.1