United States District Court
IN THE DISTRICT OF COLUMBIA

RECEIVED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

William Kramer
P.O. Box 1102
Addison, IL 60101

Case No. 1:05-cv-01659 (PLF)

CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff(s),

v.

United States
                Defendant.

Plaintiff hereby enters this Cross Motion for Summary Judgment. This Cross Motion is supported by the following::

**FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT**

1. Defendant has moved to dismiss the above-captioned action under Fed.R.Civ.P. 12(b), generally, citing insufficiency of service, and for lack of subject matter jurisdiction.

2. Defendant's motion is made with full knowledge that the Court has found that the basis upon which such "12(b)" motion rests fails to support a "12(b)(1)" motion; and is nonjurisdictional.

3. Defendant's motion is made with full knowledge that the Court has construed such baseless general motion as a motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

4. Defendant's motion is made with full knowledge that

   "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

5. Defendant's motion is made with full knowledge that the Court has treated such general "12(b)" motion, construed as a motion under Fed.R.Civ.P. 12(b)(6), as a motion for summary judgment, in accordance with the rule.

6. Defendant's motion is made with full knowledge that a motion for summary judgment is decided upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," under Fed.R.Civ.P. 56(c).

7. Defendant's motion for summary judgment is knowingly made without benefit of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," sufficient to overcome Plaintiff's Verified Complaint See: *Neal v. Kelley*, 963 F.2d 453 (D.C. Cir. 1992), or Plaintiff's Affidavit.

8. Plaintiff has complied with the requirements of with 26 CFR § 301.7433-1.

Based upon defendant's blanket admission of all material allegations in Plaintiff's Complaint; and upon defendant's "mere allegations or denials" of Plaintiff's Complaint; and upon defendant's failure to include with defendants' motion "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," Plaintiff is the sole party entitled to summary judgment.

Respectfully,

Dated: JULY 12, 2006

_____
William Kramer

/
/
/
/
/
/

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Illinois, personally appeared, William Kramer, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Illinois

"OFFICIAL SEAL"
Tamika Rollins
Notary Public, State of Illinois
Cook County
My Commission Expires 11-18-2009

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Jennifer L Vozne
Trial Attorney, Tax Division
U.S. Dept. of Justice
P O B ox 227
Washington, D.C. 20044

Dated  JULY 12 , 2006

_____
William Kramer