

RECEIVED
JUL 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William Kramer | No: 1:05-cv-01659 (PLF) |
| Plaintiff(s), | RESPONSE TO MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT |
| v. | |
| United States (Government) | |
| Defendant. | |

Plaintiff hereby responds:

Defendant has moved to dismiss the above-captioned action for insufficiency of service, and for lack of subject matter jurisdiction. Defendant's motion fails on each grounds, as follows:

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE TREATED AS MOTION FOR SUMMARY JUDGMENT

Plaintiff asserts that because the motion to dismiss in the instant case raises issues outside the Complaint, the instant motion must be treated, and decided, as a motion for summary judgment.

Fed.R.Civ.P. 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. ... the court presumes that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor.

Defendants' motion through misreading, misunderstanding,

mischaracterization and misrepresentation, attempts to convert the instant damages action into a refund action/injunctive relief action neither brought nor intended. In deciding a motion for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure,

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

> As interpreted by the courts, the Rule requires that

> "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

Neal v. Kelly, 963 F.2d 453, at 456 (D.C. Cir. 1993) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

Movant (United States) has failed to include affidavits containing factual assertions of a person competent to testify, having personal knowledge of facts. While plaintiff has supported his/her/their pleadings with sworn affidavit and the factual assertions therein must be accepted as true.

The defendants' motion not being supported as provided in Rule 56 rests upon mere allegations. The court presuming that plaintiff's well-pleaded allegations are true, resolves all doubts and inferences in plaintiff's favor and plaintiff having filed a verified Complaint supported by affidavit, Summary judgment, if appropriate, should be entered in Plaintiff's

William Kramer v United States
(Government) No. 1:05-cv-01659
(PLF)

Page 2 of 7

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

favor.

## 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) a claim may be dismissed on only two grounds: (1) it asserts a legal theory that is not cognizable as a matter of law, or (2) it fails to allege sufficient facts to support a cognizable legal claim. Therefore, in order for the Court to dismiss for failure to exhaust administrative remedies under 12(b)(6) failure to exhaust must assert a legal theory that is not cognizable as a matter of law, or failure to exhaust must be an issue of fact.

The Court has held that failure to exhaust is an issue of law and may be decided by the court[1]. To be decided as a matter of law under 12(b)(6) failure to exhaust must rise to the level of asserting a legal theory that is not cognizable as a matter of law. In both Masterson v. United States of America, D.D.C. 05-1807 (JDB); and Turner v. United States, D.D.C. 05-1716 (JDB), (upon which Masterson relied), the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law[2]. Therefore, even if failure to exhaust is an issue of law the instant matter cannot be dismissed for failure to exhaust because it does not rise to the level of asserting a legal theory that is not cognizable as a matter of law.

As plaintiffs understand, failure to exhaust is not an issue that asserts a legal theory that is not cognizable as a matter of law.

---

[1] The Court did not identify the criteria upon which it used to make the decision that failure to exhaust fails as a matter of law. It appears that the courts decision was arbitrary and was made in the absence of facts to support the court's decision.

[2] Therefore Mastern, Turner, Keomer, Scott, etc were all improperly dismissed because the court has held that failure to exhaust is not jurisdictional and the Court failed to make a finding that failure to exhaust rises to the level of asserting a legal theory that is not cognizable as a matter of law. Therefore, dismissal pursuant to 12(b)(6) was also improper.

Pursuant to <u>Turner</u> which cites as a district precedent <u>Koerner</u> (dual cases), which were held to have set forth sufficient facts to survive a failure to state a claim motion. <u>Koerner</u> was improperly dismissed for want of subject matter jurisdiction. As shown below failure to exhaust is not jurisdictional. Thus, the court did have subject matter jurisdiction and the dismissal was improper. The instant case is indistinguishable from <u>Koerner</u>. Therefore <u>Koerner</u> is precedent with respect to adequacy of the instant Complaint, resulting in a similar finding.

Rule 12(b)(6) requires that if there is even one fact that remains unsettled a Rule 12(b)(6) motion fails. Thus if even one of the factual allegations contained in plaintiff's complaint remain unsettled then a 12(b)(6) motion must fail.

Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. <u>Huff v United States</u>, 10 F. 3d 1440 (9th Cir. 1993) and <u>Mulvania v U.S.</u> 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting taxpayer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

Plaintiff(s) emphasize to the Court that the decision in <u>Huff</u> and <u>Mulvania</u> (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which

William Kramer v United States
(Government) No. 1:05-cv-01659
(PLF)

Page 4 of 7

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. Absent an assessment, **NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment). Thus, even though the court may find that the plaintiff(s) may have failed to exhaust administrative remedies, administrative remedies is only one of the factual issues raised in plaintiff's complaint upon which the court may decide. As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

If, as the defendant asserts, "Plaintiff's case is one of more than 70 known cases filed in this Court with identical or nearly identical complaints, Mastrerson, Turner and Koerner being among those "identical or nearly identical" cases, then pursuant to Koerner failure to state a claim is settled in that plaintiff's complaint sets forth sufficient facts to survive a failure to state a claim motion.

### EXHAUSTION REQUIREMENT

Plaintiff was unaware of the requirements of 26 CFR § 301.7433-1 until they were brought to plaintiff's attention. Plaintiff has filed an administrative claim with Internal Revenue Service, Area 7, Area Director, Chicago, 230 S. Dearborne Street,100CHI, Chicago, IL 60604, Attn: Compliance Technical Support Manager. Thus, plaintiff has complied with 26 CFR § 301.7433-1. Therefore, counsel's claim that plaintiff has not complied with 26 CFR § 301.7433-1 is frivolous argument and must be denied.

William Kramer v United States
(Government) No. 1:05-cv-01659
(PLF)

Page 5 of 7

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

## SERVICE WAS SUFFICIENT

Counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1)    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General…

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail…". If service is ruled to be insufficient the remedy is to allow plaintiff(s) to reserve not dismiss.

Dismissal on grounds of insufficiency of service should be denied.

For the above reasons plaintiff(s) request(s) the Court treat the defendants' motion to dismiss as a Motion for Summary Judgement and Summary judgment, if appropriate, should be entered in plaintiff's favor.

Respectfully,

/
/
/
/

William Kramer v United States
(Government) No. 1:05-cv-01659
(PLF)

Page 6 of 7

RESPONSE TO MOTION TO DISMISS /
MOTION FOR SUMMARY JUDGMENT
ALTERNATIVE MOTION TO BIFURCATE

*William Kramer*

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Illinois, personally appeared, William Kramer, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Illinois



"OFFICIAL SEAL"
Tamika Rollins
Notary Public, State of Illinois
Cook County
My Commission Expires 11-18-2009

### CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Jennifer L Vozne
Trial Attorney, Tax Division
U.S. Dept. of Justice
P O Box 227
Washington, D.C. 20044

Dated JULY 12, 2006

_____
William Kramer