IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. KRAMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01659 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1995, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against him.

STATEMENT

The United States moved to dismiss, under Fed. R. Civ. P. 12(b), asserting that the Court lacks subject matter jurisdiction as plaintiff failed to establish that he exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433. The United States also asserted that plaintiff's request for injunctive relief is barred by the Anti-Injunction Act. Plaintiff filed the instant opposition asserting that (1) the motion to dismiss should be treated as a motion for summary judgment, (2) he set forth sufficient facts to survive a motion to dismiss for failure to state a claim, (3) since filing suit, he

1831455.1

filed an administrative claim for damages thus he has complied with the requirement to exhaust administrative remedies, and (4) service was sufficient. (Pl. Opp to Mot. to Dismiss.)

Plaintiff also filed the present cross-motion for summary judgment asserting that he is entitled to judgment since the United States admitted all material allegations in the complaint. (Pl. Cross-Motion for Summary Judgment.)[1] Plaintiff is incorrect. The United States moved to dismiss for lack of personal and subject matter jurisdiction; it has not admitted all material allegations in the complaint.

Plaintiff also asserts that, in substantially similar cases, the Court has construed the United States' motion to dismiss for lack of subject matter jurisdiction as a motion for failure to state a claim and then treated the motion for failure to state a claim as a motion for summary judgment (Pl. Cross-Motion for Summary Judgment ¶ 5.) Again, plaintiff is incorrect. While there have been some decisions in substantially similar cases dismissing the cases under Fed. R. Civ. P. 12(b)(6), the Court has never converted the motions to dismiss to motions for summary judgment.[2]

---

[1] Plaintiff failed to file a statement of material facts as to which he contends there is no genuine issue, as required by Local Rule 56.1. Consequently, the United States is not able to file a statement of genuine issues.

[2] The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. The United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the

Lastly, plaintiff presumably asserts that since he has now allegedly complied with the regulation and filed an administrative claim for damages, he is entitled to judgment. (Pl. Cross-Motion for Summary Judgment ¶ 8.) Assuming plaintiff is correct and he did recently file a proper administrative claim for damages, the Court still does not have jurisdiction over the second amended complaint. Plaintiff cannot file suit and then exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

---

benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text."). Moreover, facts alleging subject matter jurisdiction must be pleaded in the complaint. Fed. R. Civ. P. 8(a)(1).  In this case, plaintiff failed to allege in his second amended complaint that he filed an administrative claim for damages as described in 26 C.F.R. § 301.7433-1.  Thus, plaintiff's second amended complaint must be dismissed.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court deny plaintiff's cross-motion for summary judgment and grant the United States' motion to dismiss the case.

DATE: July 27, 2006.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Jennifer L. Vozne
　　　　　　　　　　　　　　　　　JENNIFER L. VOZNE
　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　Phone/Fax:  (202) 307-6555/514-6866
　　　　　　　　　　　　　　　　　Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT and proposed ORDER was caused to be served upon plaintiff *pro se* on the 27th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>William H. Kramer
>P.O. Box 1102
>Addison, IL 60101

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1831455.1