IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM H. KRAMER,                    )
                                      )
            Plaintiff,                )   No. 1:05-cv-01659 (PLF)
                                      )
      v.                              )
                                      )
UNITED STATES,                        )
                                      )
            Defendant.                )

## UNITED STATES' REPLY TO OPPOSITION TO
## MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

This is a civil action in which plaintiff alleges that, beginning with tax year 1995,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code.  Plaintiff seeks a refund of all taxes paid in, damages for alleged

"wrongful collection," and injunctive relief respecting further federal tax collection

against him.

### STATEMENT

The United States moved to dismiss, under Fed. R. Civ. P. 12(b), asserting that

the Court lacks subject matter jurisdiction as plaintiff failed to establish that he

exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433.  The

United States also asserted that plaintiff's request for injunctive relief is barred by the

Anti-Injunction Act.

Plaintiff filed the instant opposition asserting that (1) the United States' motion to

dismiss must be treated as a motion for summary judgment; (2) the United States'

motion to dismiss should be treated as a motion for failure to state a claim; (3) plaintiff

recently submitted an administrative claim for damages; and (4) a party may effect

service of process.1/  As stated below, plaintiff's admission that he did not file an

administrative claim for damages demands that his second amended complaint be

dismissed.  His alleged recent compliance does not provide the Court with jurisdiction

in this action.

First, plaintiff asserts that the United States' motion to dismiss must be treated as

a motion for summary judgment and, since the United States failed to include affidavits

containing factual allegations opposing those presented by plaintiff, judgment must be

entered for him.   (Pl. Opp. at 1-3.)  The United States moved to dismiss under Fed. R.

Civ. P. 12(b)(1) asserting that plaintiff failed to allege facts sufficient to establish the

Court's jurisdiction.  The United States did not present information outside of the

pleadings to support its motion to dismiss, thus there is no basis to convert the motion

to a motion for summary judgment.  By plaintiff's own admission, he did not file an

administrative claim for damages, thus the Court does not have subject matter

jurisdiction over his second amended complaint.

Second, plaintiff asserts that since the United States' motion to dismiss is actually

---

1/  Plaintiff is presumably abandoning his request for a refund and injunctive
relief.  (Pl. Opp. at 1-2 ("Defendants' motion through misreading, misunderstanding,
mischaracterization and misrepresentation, attempts to convert the instant damages
action into a refund action/injunctive relief action neither brought nor intended.").)  As
such, the United States only addresses plaintiff's arguments as they relate to his claim
for damages under 26 U.S.C. § 7433.

1830333.1

a motion to dismiss for failure to state a claim and he has both asserted a cognizable legal theory and sufficient facts to support the cognizable theory, the United States' motion to dismiss must be denied.  (Pl. Opp. at 3-5.)  Plaintiff is incorrect.  As stated in the United States' motion to dismiss and admitted by plaintiff in his opposition, he did not file an administrative claim for damages prior to filing suit.  Thus, he has not complied with the express terms of the United States' waiver of sovereign immunity and his second amended complaint must be dismissed.

Third, plaintiff asserts that he was unaware of the requirement to file an administrative claim for damages, but has since filed an administrative claim.  (Pl. Opp. at 5.)  Assuming plaintiff is correct and he did recently file a proper administrative claim for damages, the Court still does not have jurisdiction over the second amended complaint.  Plaintiff cannot file suit and then exhaust administrative remedies.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ··· unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text.").  Moreover, facts alleging subject matter jurisdiction must be pleaded in the complaint.  Fed. R. Civ. P. 8(a)(1).  In this case, plaintiff failed to allege in his second amended complaint that he filed an administrative claim for damages as described in 26 C.F.R. § 301.7433-1.  Thus, plaintiff's second amended complaint must be dismissed.

-3-

Lastly, plaintiff asserts that a party may effect proper service.  (Pl. Opp. at 6.) The United States did not assert that plaintiff failed to effect proper service in its motion to dismiss his second amended complaint.  Thus, plaintiff's assertion of proper service is irrelevant.

CONCLUSION

Plaintiff's second amended complaint must be dismissed because plaintiff failed to comply with the requirement to file an administrative claim for damages prior to filing suit.

DATE: July 27, 2006.              Respectfully submitted,

/s/ Jennifer L. Vozne_____
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

1830333.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO OPPOSITION

TO MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT was caused to be

served upon plaintiff *pro se* on the 27th day of July, 2006, by depositing a copy in the

United States' mail, postage prepaid, addressed as follows:

William H. Kramer
P.O. Box 1102
Addison, IL 60101


/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1830333.1