UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM M. KRAMER, )
)
      Plaintiff, )
)
v. )   Civil Action No. 05-1659 (PLF)
)
UNITED STATES OF AMERICA, )
)
      Defendant. )
_____)

MEMORANDUM OPINION

      This complaint is one of dozens of nearly identical complaints brought in this Court by *pro se* plaintiffs against the United States under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. § 7433. Plaintiff William M. Kramer filed this action against the United States on August 18, 2005. He filed an Amended Complaint on September 23, 2005 and a Second Amended Complaint on October 14, 2005. The Second Amended Complaint requests damages, punitive damages, a refund of all taxes paid, and injunctive relief. See Second Amended Complaint at 12-15. The United States filed a motion for a more definite statement, which was granted. Plaintiff responded on March 27, 2006. In his response, plaintiff withdrew his requests for injunctive relief and a refund of taxes paid. See Response to Motion for More Definite Statement in Lue [*sic*] of an Amended Complaint at 1, 23. As a result, this matter is now one solely one for damages under 26 U.S.C. § 7433. The government has filed a motion [14] to dismiss for lack of subject matter jurisdiction, and plaintiff has filed a motion [18] for summary judgment.

I. STANDARDS OF REVIEW

*A. Motions to Dismiss under Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Hunter v. District of Columbia, 384 F.Supp.2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the court must accept all of the factual allegations in the complaint as true, but may in appropriate cases consider certain materials outside the pleadings. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

*B. Motions to Dismiss under Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the truth of the material facts as alleged in the complaint, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991), and the "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

## II. DISCUSSION

The defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction over plaintiff's claim, which is solely one for damages, because plaintiff failed to exhaust administrative remedies prior to filing suit. See Memorandum in Support of United States' Motion to Dismiss ("Mem.") at 3. For the reasons thoroughly explained by Judge Walton

in Lindsey v. United States, Civil Action No. 05-1761, 2006 WL 2413720 at *11-13 (D.D.C. Aug. 22, 2006), the Court concludes that in an action for *damages* under 26 U.S.C. § 7433, failure to exhaust administrative remedies is properly raised through a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See also Turner v. United States, 429 F.Supp.2d 149 (D.D.C. 2006) (citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006)) (Bates, J.); Masterson v. United States, Civil Action No. 05-1807, 2006 WL 1102802 at *2 (D.D.C. April 26, 2006) (Bates, J.).

In his Opposition, plaintiff admits that he did not file a claim with the IRS until after he brought this lawsuit. See Opposition at 5.[1] Since plaintiff's failure to exhaust is uncontested and is clearly required by the statute, the complaint will be dismissed for failure to state a claim upon which relief may be granted. See Lindsey v. United States, 2006 WL 2413720 at *18-19; Turner v. United States, 429 F.Supp.2d at 153-54. An Order consistent with this Memorandum Opinion will issue this same day.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/3/06

---

[1] The Court is troubled by this admission of the plaintiff, who included a sworn and notarized affidavit with all three complaints filed in this case which stated "Affiant has exhausted all administrative remedies . . ." Complaint at 16; First Amended Complaint at 17; Second Amended Complaint at 17.