IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM H. KRAMER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01659 (PLF) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL**

This is a civil action in which plaintiff alleges that, beginning with tax year 1995, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, William H. Kramer, filed a complaint on August 18, 2005. On June 6, 2006, the United States filed a motion to dismiss. By order dated June 16, 2006, the Court advised plaintiff that he had up to and including June 30, 2006 to file an opposition to the motion to dismiss. The Court also indicated that it would treat the motion as conceded and dismiss the action if plaintiff failed to respond. Plaintiff filed an opposition on July 17, 2006. By order dated November 3, 2006, the Court dismissed the action under Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state a claim.1/

---

1/ The Court noted that plaintiff withdrew his requests for injunctive relief and a refund of taxes. *See* November 3, 2006 Memorandum Opinion at 1.

2. <u>Motion to Vacate</u>.  On or about November 27, 2006, plaintiff filed the instant motion to vacate the order of dismissal under Fed. R. Civ. P. 60(b).  Plaintiff does not identify the specific reason for relief from the order dismissing the case.  Rather plaintiff appears to assert that exhaustion of administrative remedies is not a jurisdictional prerequisite, thus the case may not be dismissed for lack of subject matter jurisdiction.  (Mot. to Vacate at 1-4.)  Plaintiff then asserts that ruling on a motion to dismiss for failure to state a claim is premature if made prior to discovery.  (Mot. to Vacate at 4-5.)  Lastly, plaintiff states that an allegation of failure to state a claim is an affirmative defense and the defendant must prove the defense.  (Mot. to Vacate at 5-6.)

"[A] Rule 60(b) motion will not be granted unless the movant 'can demonstrate a meritorious claim or defense' to the motion upon which the district court dismissed the complaint.  It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."  *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C Cir. 1995) (citing <u>Lepkowski v. United States Dep't of Treasury</u>, 804 F.2d 1310, 1314 (D.C.Cir.1986)).  Plaintiff has not done so.

First, plaintiff ignores the fact that the Court dismissed the case under Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 12(b)(1).  Second, plaintiff does not assert that he did in fact exhaust his administrative remedies, thus the complaint is properly subject to dismissal.  Third, plaintiff is clearly incorrect in asserting that "'failure to state a claim' is an 'affirmative defense'."  *See* Fed. R. Civ. P. 8.

-2-

CONCLUSION

For the reasons stated above, the reasons asserted in the United States' motion to dismiss, and the reasons stated in the Court's memorandum opinion and order dismissing the case, plaintiff's motion to vacate the order of dismissal should be denied.

DATE: December 4, 2006.

                    Respectfully submitted,

                    /s/ Jennifer L. Vozne
                    JENNIFER L. VOZNE
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Phone/Fax:  (202) 307-6555/514-6866
                    Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 4th day of December, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>WILLIAM H. KRAMER
>*Plaintiff Pro Se*
>P.O. Box 1102
>Addison, IL 60101

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

2067276.1